IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Paul Perrea, | : |
| | :     Case No. 1:08-cv-352 |
|           Plaintiff, | : |
| | :     District Judge Susan J. Dlott |
| v. | : |
| | :     ORDER DENYING MOTION FOR |
| Cincinnati Public Schools, *et al.*, | :     TEMPORARY RESTRAINING |
| | :     ORDER |
|           Defendants. | : |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and/or for Preliminary Injunction (doc. 3). For the reasons that follow, Plaintiff's motion is **DENIED**.

I.     BACKGROUND

Plaintiff Paul Perrea alleges race discrimination and violation of the First Amendment in this action brought against his employer, Defendant Cincinnati Board of Education, Cincinnati Public Schools ("CPS"), and Defendant Mary Hahn, the principal at Hughes Center high school, the CPS school at which Perrea teaches science. Only the discrimination claims are at issue in the pending motion.

Defendants informed Perrea in February 2008 that he was one of approximately twenty-seven teachers that CPS had determined to "surplus" from their positions at Hughes Center for the 2008-2009 school year. Teachers who are surplussed by CPS lose their position at the school at which they taught, but they remain employed by the school district and are eligible to apply for transfer to open positions. Perrea alleges Hahn told him that he had been chosen for surplussing in an effort to attain "racial balance" in the teaching staff at Hughes Center. Perrea

1

is white. In the pending motion, Perrea specifically requests that this Court issue a preliminary injunction ordering Hahn and CPS (1) not to "surplus" Perrea from his position as a science teacher at Hughes Center high school and (2) to stop the use of "racial balancing" as a criterion for employment related decisions.

Subsequent to Perrea filing the pending motion, on June 20, 2008, Hahn and CPS notified Perrea of his right to return to a position teaching science at Hughes Center for the 2008-2009 school year. (Doc. 14-2, Hahn 2d Decl.) A position at Hughes Center opened up for Perrea after another teacher resigned from CPS. (Id.) Perrea has not withdrawn his pending motion for preliminary injunction, but he concedes that he cannot establish irreparable harm as to his request for an injunction to prohibit CPS from surplussing him. (Doc. 15 at 2-3.)

## II. ANALYSIS

Rule 65 of the Federal Rules of Civil Procedure authorize this Court to grant preliminary injunctive relief. In determining whether to issue or withhold a preliminary injunction, this Court must balance the following factors:

(1) Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
(2) Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
(3) Whether an injunction will cause others to suffer substantial harm; and
(4) Whether the public interest would be served by the preliminary injunction.

Southern Milk Sales, Inc. v. Martin, 924 F.2d 98, 103 n.3 (6th Cir. 1981); see also Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000) (same). No single factor usually is determinative of the availability of a preliminary injunction. In re Delorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985). However, a failure to demonstrate the existence of an irreparable injury absent a preliminary injunction can be fatal to a motion for preliminary injunction. See, e.g., Southern

Milk Sales, Inc., 924 F.2d at 103.

Because Perrea has conceded that he cannot establish irreparable harm as to his request for an injunction to prohibit CPS from surplussing him for the 2008-2009 school year, his motion for injunctive relief is denied as to that request.

The only issue that remains is whether to grant injunctive relief prohibiting CPS from using "racial balancing" as a criterion for employment related decisions. The Court assumes for purposes of this analysis only that CPS, in fact, determined to surplus Perrea because he is white and that its action was more likely than not unconstitutional. The key issue becomes whether Perrea has established irreparable harm. Perrea argues that the Court should find irreparable harm because CPS has a long history of system-wide discrimination. Perrea cites only one case, Firefighters Institute for Racial Equality v. City of St. Louis, 616 F.2d 350 (8th Cir. 1980), to support his position.

The Firefighters Institute decision involved the third appeal regarding the employment practices of the St. Louis fire department. Id. at 352. Specifically, the parties were litigating the validity of the promotional examination given by the fire department to fill the role of fire captain, an examination which was challenged as having a racially discriminatory effect. Id. The promotional examination previously given by the fire department had been found invalid in 1977 and the case cited involved the fire department's proposal for a new examination. Id. at 354. The parties agreed to proceed with the promotional examination during the pendency of the litigation and reserved their right to challenge the examination procedure after the results of the examination were known. Id. at 353. After the tests were administered, the Mayor of St. Louis set in motion the promotion process without consulting the plaintiffs. Id. at 354. Sixteen white

3

captains were sworn in before the plaintiffs could object to the validity of the examination. Id. By agreement, seven more white captains and one black captain were sworn in, but twenty-four more swearing-ins were postponed pending the outcome of a motion for preliminary injunction. Id. The district court assumed irreparable injury, but denied the injunction on the grounds the plaintiffs had not established a probability of success on the merits. Id. at 355. The Eighth Circuit reversed on appeal holding that plaintiffs had established both irreparable harm and success on the merits because the new examination procedure used by the fire department was invalid. Id. at 362 and n.21. The appeals court stated:

> Twenty-three white firefighters have been promoted on the basis of an examination which has not been validated. The promotion of still more firefighters on the basis of the present eligibility list, nearly all of whom would be white, would work a great injustice on the black fire captain candidates whose promotions have been delayed for years. The effects of these continual delays in the promotions of blacks in the department do not end at the fire captain position. At oral argument, counsel for the United States pointed out that an additional five years of service is required as a prerequisite for eligibility for promotion to the battalion chief position. Since the promotional examination for that position is given fairly infrequently, any delay in the promotions of blacks will adversely affect their chances of further advancement in the department.

Id.

The decision in Firefighter Institute does not compel a finding of irreparable injury here because the underlying facts are distinguishable. In Firefighter Institute, many fire captain appointments remained open and were to be filled pending the court's decision on the validity of the examination procedure. Id. at 354 n.1. The court held that the promotion of more white fire fighters on the basis of the discriminatory examination procedure would work an irreparable harm of the existing black fire captain candidates. Id. at 362 n.21. Here, on the other hand, there is no evidence that CPS intends to make staffing decisions on the basis of racial balancing in the

4

immediate future which would result in irreparable harm to any teacher.  Perrea, the sole plaintiff, will not be harmed if the injunction does not issue because he has been offered back his position teaching science at Hughes Center for the 2008-2009 school year.  Accordingly, the Court will deny injunctive relief because Perrea has not established irreparable harm if the injunction is denied.  See Rucker v. City of Kettering, Ohio, 84 F.Supp.2d 917, 931-32 (S.D. Ohio 2000) (refusing to hold that the deprivation of a non-First Amendment constitutional right constitutes a per se irreparable harm).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order and/or for Preliminary Injunction (doc. 3) is **DENIED**.

IT IS SO ORDERED.

   s/Susan J. Dlott
Susan J. Dlott
United States District Judge